ORIGINAL

TRACY S. THORLEIFSON
KIAL S. YOUNG
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
Tel: (206) 220-6350
Fax: (206) 220-6366

MATTHEW H. MEAD
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, 5th Floor
Cheyenne, WY 82001
Tel: (307) 772-2124
Fax: (307) 772-2123

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 2 0 2006

Stephan Harris, Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ACCUSEARCH, INC. d/b/a Abika.com, and )<br>JAY PATEL, )<br>Defendants. )<br> ) | Civ. No. 06CV0105-D<br><br>PLAINTIFF FEDERAL TRADE<br>COMMISSION'S RESPONSE<br>OPPOSING DEFENDANTS'<br>MOTION TO DISMISS |

## I.    SUMMARY

Plaintiff, Federal Trade Commission ("FTC" or "Commission"), hereby opposes the Motion

to Dismiss filed by defendants Accusearch, Inc., d/b/a Abika.com, and Jay Patel (collectively

"defendants"). The FTC's complaint states a cause of action against defendants, plainly alleging

that defendants' unauthorized acquisition and sale of confidential consumer phone records to the

*FTC Response to Motion to Dismiss - Page 1*

general public is an unfair practice that violates Section 5 of the FTC Act, 15 U.S.C. § 45. The Court

possesses subject matter jurisdiction over actions brought by the FTC pursuant to 28 U.S.C. §§ 1331,

1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b). The Court possesses personal jurisdiction over

defendants (Wyoming residents) pursuant to Fed. R. Civ. P. 4(k)(1)(A) and (D) and 15 U.S.C. §

53(b).

## II.     ARGUMENT

The FTC's complaint properly states a claim for relief under the FTC Act and should not be

dismissed. Dismissal for failure to state a claim is only appropriate where the plaintiff can prove no

set of facts in support of its claims that would entitle it to relief. This analysis thus focuses on

whether the plaintiff's complaint alone, construed in a light most favorable to the plaintiff, is legally

sufficient to state a claim for which relief may be granted. *Maez v. Mountain States Tel. & Tel.*, 54

F.3d 1488, 1496 (10th Cir. 1995); *see also Leeson v. United States*, 97-2 U.S. Tax Cas. (CCH)

¶ 50,780 (D. Wyo. Sept. 27, 1997). Under this standard the FTC has properly alleged a cause of

action for violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

### A.     The FTC's Complaint States a Claim for Relief:  Defendants' Actions Were Unfair in Violation of the FTC Act

Defendants' motion fundamentally mischaracterizes both the facts and the law alleged in the

FTC's complaint. Contrary to defendants' contention, the FTC is not seeking to enforce a sister

agency's statute about the confidentiality of customer phone records but rather to fulfill its

Congressional mandate to prevent substantial consumer injury. As alleged in Paragraphs 9 - 15 of

*FTC Response to Motion to Dismiss - Page 2*

the complaint, defendants' actions in obtaining and selling confidential consumer phone records without the consumer's knowledge or authorization is an unfair practice pursuant to Section 5 of the FTC Act, 15 U.S.C. § 45.

Section 5 of the FTC Act prohibits unfair or deceptive acts or practices in or affecting commerce. 15 U.S.C. § 45(a)(1). A practice is unfair under Section 5 if it (1) causes or is likely to cause substantial injury to consumers that (2) is not reasonably avoidable by consumers and (3) is not outweighed by countervailing benefits to consumers or to competition. 15 U.S.C. § 45(n); *see also Orkin Exterminating Co. v. FTC*, 849 F.2d 1354, 1363-64 (11th Cir. 1988).[1]   Defendants' conduct as alleged in the complaint satisfies each element of the unfairness test.

The complaint alleges that defendants violated the FTC Act when they obtained and sold to third parties confidential customer phone records, without the customers' knowledge or authorization. Complaint at ¶¶ 12 - 14. This conduct causes or is likely to cause substantial

---

[1] Defendants incorrectly recite the elements of a Section 5 unfairness claim, arguing that "the unfair method must be in the area of 'competition' affecting commerce and . . . it requires an act." (Brief in Support of Motion to Dismiss at p. 4 ("Defendants' Brief")). Section 5(a)(1) states that "[u]nfair methods of competition in or affecting commerce, *and unfair or deceptive acts or practices in or affecting commerce*, are hereby declared unlawful." (Emphasis added.) Defendants are apparently looking only at the first part of the clause in Section 5(a)(1) relating to "unfair methods of competition" and not at the second half of the provision addressing "unfair or deceptive acts or practices" on which the FTC's complaint actually rests. The test for unfairness under the FTC Act is set out at Section 5(n), 15 U.S.C. § 45(n):

> The Commission shall have no authority under this section or section 57a of this title to declare unlawful an act or practice on the grounds that such act or practice is unfair unless the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition. In determining whether an act or practice is unfair, the Commission may consider established public policies as evidence to be considered with all other evidence. Such public policy considerations may not serve as a primary basis for such determination.

*FTC Response to Motion to Dismiss - Page 3*

consumer injury and is therefore actionable under the FTC's unfairness authority.[2]  Because the conduct challenged by the FTC includes both obtaining *and* selling confidential customer phone records, the claim for relief is not, as defendants appear to argue, based upon the specific method(s) used by defendants or their researchers to obtain consumers' confidential phone records.[3]  Whether it might be deceptive or unfair under the FTC Act for defendants to use false pretenses (a.k.a. "pretexting") to obtain confidential customer phone records (or cause others to do so) is not the issue here.

### 1.    Substantial Consumer Injury

The FTC alleges that defendants' acquisition and sale of confidential customer phone records causes substantial harm to consumers and the public, including, but not limited to, endangering the health and safety of consumers.  Complaint at ¶ 11.  Obtaining and selling consumers' telephone records to unknown private persons without the consumers' knowledge or authorization causes substantial injury, ranging from invasion of privacy in virtually all cases to occasional threats of

---

[2] Contrary to defendants' contention, there is no requirement that the Commission base a challenge to unfair conduct on specific legislation beyond the FTC Act.  The FTC routinely brings Section 5 unfairness actions where a defendant's conduct causes substantial consumer injury, whether the injury relates to consumers' privacy or their physical or financial well-being.  *See, e.g., United States v. ChoicePoint, Inc.*, No. 06-CV-0198 (N.D. Ga.) (filed Jan. 30, 2006) (alleging, among other things, that company's failure to employ reasonable and appropriate security measures to protect consumers' personal information constituted an unfair practice in violation of Section 5) (complaint available at: http://www.ftc.gov/os/caselist/choicepoint/0523069complaint.pdf); *Consumer Direct, Inc.*, 113 F.T.C. 923 (1990) (FTC alleged as unfair the advertising and sale of exercise equipment without adequately disclosing the risk of injury from using the product); and *FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1201 (C.D. Cal. 2000) (unauthorized charges to consumers' credit cards found to be unfair).

[3] Defendants assert, for example, that it is not illegal for them to have obtained telephone records without the permission of the customer (Defendants' Brief at p. 3) and later argue that "pretexting" for phone records is not currently illegal, although Congress may be considering legislation to change this.

extreme bodily harm.[4]  Call records showing a person's pattern of calls can reveal intimate details about a person's lifestyle and business and social affiliations.[5]

Such records also can be used to threaten an individual consumer's reputation, employment status or even physical security, if the information is sought by a jilted or abusive spouse or stalker. Telephone billing information is a particularly rich source of information for stalkers. A stalker could access records that show who was called, when the call was made, the duration of the call, and the location of the call. By obtaining this information, stalkers can locate their victims without the victims ever knowing that they are being tracked, potentially leading to domestic violence. Unauthorized access to and revelation of telephone records can also endanger law enforcement officials and compromise law enforcement investigations as well as homeland security.[6]

Congress itself has recognized that consumer phone records contain sensitive, private information, the unauthorized release of which might harm consumers. *See U.S. West v. FCC*, 182

---

[4] The Commission has recognized that severe harm to even a limited number of persons can constitute substantial injury for purposes of unfairness analysis. *See International Harvester Co.*, 104 F.T.C. 949, 1064 (1984) (the Commission stating that "conduct causing a very severe harm to a small number will be covered [by unfairness] as well" and that "[a]n injury may be sufficiently substantial . . . if it raises a significant risk of concrete harm").

[5] Once someone knows the phone numbers that a target has called, they can use "reverse lookup" directories to obtain the names and addresses associated with those numbers.

[6] News articles illustrate some harmful uses of telephone records. For example, one data broker reportedly sold home phone numbers and addresses of Los Angeles Police Department detectives to suspected mobsters, who then used the information in an apparent attempt to intimidate the police officers and their families. *See, e.g.*, Peter Svensson, *Calling Records Sales Face New Scrutiny*, Associated Press Online, Jan. 18, 2006, at Business News Section (Lexis). Another report documents how the FBI was able to obtain cell phone records of one of its agents from an online databroker in just three hours. Frank Main, *Your Phone Records Are For Sale*, Chicago Sun-Times, Jan. 5, 2006, *available at* http://www.suntimes.com/output/news/cst-nws-privacy05.html.

F.3d 1224, 1228, n. 1 (10th Cir. 1999) ("Given the sensitive nature of some [customer proprietary network information], such as when, where, and to whom a customer places calls, Congress afforded [that information] the highest level of privacy protection under [47 U.S.C. ] § 222."). The FTC's complaint cites to the Telecommunications Act of 1996 and Congress' decision to protect the confidentiality of telephone records therein as evidence of the serious nature of consumers' privacy interest in phone records.[7]  That Act imposes a duty on telecommunications carriers to protect the confidentiality of their customers' information. Except in certain narrow circumstances, including for example a lawful government request, a carrier cannot disclose confidential customer information to a third party without that customer's authorization. *See* 47 U.S.C. § 222. In promulgating regulations to implement Section 222, the FCC observed that "[t]hrough section 222, Congress recognized both that telecommunications carriers are in a unique position to collect sensitive personal information and that customers maintain an important privacy interest in protecting this information from disclosure and dissemination." 67 Fed. Reg. 59,205 (Sept. 20, 2002).

## 2.    Not Reasonably Avoidable by Consumers

The FTC's complaint also alleges that consumers cannot reasonably avoid the injuries caused by defendants because the defendants' conduct is entirely invisible to them. Complaint at ¶ 11. There is no reasonable or reliable way for consumers to learn of or prevent the disclosure and sale

---

[7] The FTC's complaint does not, as defendants contend, attempt to enforce the Telecommunications Act against defendants. *See* Part II.B *infra*.

*FTC Response to Motion to Dismiss - Page 6*

of this confidential information to persons unknown to consumers, be they nosy neighbors, tabloid journalists, aggrieved spouses or other malefactors.

### 3.    No Countervailing Benefits to Consumers or Competition

Finally, the complaint alleges that the injury caused by defendants' practices is not outweighed by countervailing benefits to consumers or to competition.   Complaint at ¶ 11. Defendants have no idea whether the purpose of their clients' purchases of confidential phone records is beneficial, neutral or actively malicious.  Moreover, defendants can obtain confidential telephone records only by committing, or depending on others to commit, nefarious acts such as false impersonation, unauthorized computer access, or similar illicit subterfuge.[8]  Such conduct ordinarily is presumed to impose a cost to consumers and competition, not a benefit.  In addition, persons with a legitimate need to obtain telephone records have legal tools to do so.  Federal and state statutes protecting the privacy of phone records explicitly recognize that there may be a need to disclose such records in civil or criminal proceedings and allow for such disclosure by subpoena, search warrant or other lawful request but otherwise prohibit their unfettered release.[9]

---

[8] Defendants' disingenuously protest that they require their researchers to sign an agreement that they will not use illegal means to obtain information.  Defendants, however, who are in the information brokering business, cannot credibly deny knowing that there is no possible way for their researchers to obtain telephone records without deception or other underhanded conduct.

[9] *See, e.g.*, 47 U.S.C. § 222(c)(1) (telephone carriers required to withhold disclosure "[e]xcept as required by law"); *ICG Communications, Inc. v. Allegiance Telecom*, 211 F.R.D. 610 (N.D. Cal. 2002) (construing § 222(c) (1) to permit court-ordered discovery of telephone records in federal civil suits).

The FTC's complaint adequately states a claim for which relief may be granted pursuant to Section 5 of the FTC Act. 15 U.S.C. § 45.[10]

## B.    The FTC Does Not Seek to Enforce the Telecommunications Act

Defendants appear to argue that the FTC looks to the Telecommunications Act for authority to bring this action, or that the FTC alleges that defendants have violated the Telecommunications Act. These contentions are simply wrong.[11]  Paragraphs 12 - 14 of the FTC's complaint plainly allege that defendants engaged in unfair conduct in violation of the FTC Act.  The FTC's complaint does provide background information on the provision of the Telecommunications Act that restricts telecommunications carriers from disclosing customer phone records without the affirmative permission of the customer.  Complaint at ¶ 8.  This background information frames the FTC's allegation that defendants "have used, or caused others to use, false pretenses, fraudulent statements,

_____

[10] *See generally In the Matter of Beneficial Corporation*, 86 F.T.C. 119, 171-73 (1975) (failure to disclose that confidential information collected in tax preparation business would be used for loan solicitations was held to be an unfair practice), *aff'd in relevant part*, 542 F.2d 611 (3d Cir. 1976) (tax preparer's use of client's personal financial data, which was collected for tax purposes, to offer loans to client without client's consent was "legally unfair"); *FTC v. The Crescent Publishing Group, Inc.*, 129 F. Supp. 2d 311 (S.D.N.Y. Jan. 24, 2001) (unauthorized billing of a consumer's credit card found to be an unfair practice); *FTC v. Seismic Entertainment Prods., Inc.*, No. 04-377-JD (D.N.H.) (filed Oct. 6, 2004) (alleging unfair acts and practices in violation of Section 5 in connection with downloading spyware onto consumers' computers) (complaint available at: http://www.ftc.gov/os/caselist/0423142/041012comp0423142.pdf); *FTC v. Odysseus Mkting. Inc.*, No. 05-CV-330-SM (D.N.H.) (filed Sept. 21, 2005) (alleging unfair acts and practices in violation of Section 5 in connection with the unauthorized downloading of software and advertising, and the collection of consumers' personal information without consumers' knowledge and contrary to their expectations) (first amended complaint available at: http://www.ftc.gov/os/caselist/0423205/060504amendedcmplt.pdf); *FTC v. Zuccarini*, No. 01-CV-4854 (E.D. Pa.) (filed Sept. 25, 2001) (challenging as unfair under Section 5 practices involving the redirecting of consumers to websites and "trapping" them there) (complaint available at: http://www.ftc.gov/os/2001/10/zuccarinicmp.pdf).

[11] Defendants correctly assert that the Telecommunications Act is not enforceable by the FTC and that the Telecommunications Act does not apply to them because they are not "telecommunications carriers" as defined by the Act – but this is not what the FTC alleges.

*FTC Response to Motion to Dismiss - Page 8*

fraudulent or stolen documents or other misrepresentations, including posing as a customer of a telecommunications carrier, to induce officers, employees, or agents of telecommunications carriers to disclose confidential customer phone records." Complaint at ¶ 10. Given that telecommunications carriers are prohibited by law from disclosing these records without their customers' approval, defendants have no legitimate means of obtaining them.[12] Discussing another federal statute in a section of the complaint labeled "background" is a far cry from alleging a violation of that Act or otherwise seeking to enforce it.

C.  **Fraudulently Obtaining Confidential Customer Phone Records for Sale to Unknown Third Parties Not Analogous to Lawful Government Inquiries**

Defendants also appear to argue that their actions in obtaining and selling confidential customer phone records without the customers' knowledge or authorization are legal because courts in other contexts have authorized government access to such records. This argument lacks merit. None of the cases cited by defendants involved the indiscriminate sale of a consumer's phone records, unbeknownst to the consumer, to any private snoop willing to pay a fee. Moreover, lawful efforts to obtain such records are very different from the underhanded and unauthorized efforts used by defendants or their researchers alleged in the FTC's complaint.

---

[12] As discussed above, Congress's choice in the Telecommunications Act to protect consumer telephone records from unauthorized disclosure to third parties reflects a policy decision that such disclosure could cause substantial consumer injury. It also reflects the Congressional judgment that the harm to consumers occasioned by such disclosure is not outweighed by countervailing benefits to the industry.

State and federal criminal cases involving the reasonableness of a criminal's expectations about the government accessing phone records during a criminal investigation are not relevant to whether the FTC's complaint states a claim for relief under the FTC Act. *Katz v. United States*, 389 U.S. 347 (1961), and its progeny, including the pen trap cases cited by defendants, involve disclosure of records by the phone company to a government law enforcement agency pursuant to a lawful request, for use in a law enforcement investigation.[13] Lawful government access to records for valid investigative needs is wholly distinguishable from the facts described in the FTC's complaint, which alleges that the phone records were obtained surreptitiously for commercial purposes, and most importantly, were sold to private persons for unknown use.[14]

At most, the question whether consumers have a reasonable expectation that unrelated parties such as Accusearch will not illicitly obtain and sell their phone records to strangers is relevant to the court's *factual* determination that defendants' actions caused or were likely to cause substantial consumer injury. Moreover, weighing the evidence is not appropriate in a motion to dismiss. The FTC has alleged that defendants' conduct substantially harmed consumers and because that

---

[13] Notably, records that have been obtained by the government are typically protected from public disclosure absent a valid law enforcement need, providing the individual targets with some level of protection from prying eyes.

[14] Defendants cite inapposite cases outside the Fourth Amendment context as well. For example, defendants state that pretexting to obtain phone records was found not to be illegal pursuant to 18 U.S.C. § 2511(2)(d) by the Sixth Circuit in *Clemons v. Waller*, 82 Fed. Appx. 436 (6th Cir. 2003), and argue that "[l]ike the plaintiff in *Clemons*, the Plaintiff here has not cited any law that Defendants have violated." (Defendants' Brief at p. 8). As discussed above, the FTC asserts that defendants have violated Section 5 of the FTC Act. Whether the conduct of defendants alleged by the FTC might also separately violate an entirely different statute such as the one at issue in *Clemons* is irrelevant; the question is whether the complaint alleges a valid cause of action enforceable by the FTC (which it does).

Case 2:06-cv-00105-WFD   Document 17   Filed 06/20/06   Page 11 of 13

allegation supports a claim for relief under Section 5 of the FTC Act the Court need not inquire
further.

**D.     The Complaint Adequately Alleges Subject Matter and Personal Jurisdiction**

Defendants assert, without argument or justification, that the Court lacks subject matter and
personal jurisdiction over this matter. As the complaint alleges, subject matter jurisdiction over
actions brought by the FTC (a federal government agency) to enforce the FTC Act (a federal statute)
is conferred pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).
The complaint also adequately alleges personal jurisdiction, stating that both defendants are
domiciled and transact business in Wyoming and that venue is proper under 28 U.S.C. §§1391(b)
and (c). *See generally* Fed. R. Civ. P. 4(k)(1)(A) and (D) and 15 U.S.C. § 53(b); s*ee also Peay v.
BellSouth Medical Assistance Plan*, 205 F.3d 1206 (10th Cir. 2000) (discussing personal jurisdiction
in federal question cases).

*FTC Response to Motion to Dismiss - Page 11*

### III.   CONCLUSION

For the reasons stated above, the FTC's complaint states a claim for which relief may be granted and the defendants' motion to dismiss should be denied.

Dated this 20th day of June, 2006.

Respectfully submitted,

TRACY S. THORLEIFSON
KIAL S. YOUNG
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-6350

MATTHEW H. MEAD
United States Attorney

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124

## CERTIFICATE OF SERVICE

I hereby certify that on this ___30___ th day of June 2006, a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss was served by placing same in the U.S. Mail, postage prepaid and addressed to:

Donald E. Miller
Graves, Miller & Kingston, P.C.
408 West 23rd Street
Cheyenne, WY 82001


*Melody Morse*
Office of the United States Attorney

*FTC Response to Motion to Dismiss - Page 13*