ORIGINAL

TRACY S. THORLEIFSON
KIAL S. YOUNG
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
Tel: (206) 220-6350
Fax: (206) 220-6366

MATTHEW H. MEAD
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, 5th Floor
Cheyenne, WY 82001
Tel: (307) 772-2124
Fax: (307) 772-2123

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 2 4 2006

Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>ACCUSEARCH, INC. d/b/a Abika.com,<br>and JAY PATEL,<br>Defendants. | No. 06CV0105D<br><br>MOTION TO STRIKE AFFIRMATIVE DEFENSES RE: FAILURE TO STATE A CLAIM, JURISDICTION, EQUITABLE ESTOPPEL AND UNCLEAN HANDS (DEFENSES 1, 2, 3, 4, AND 7) |

## I.   INTRODUCTION

Plaintiff Federal Trade Commission ("FTC") hereby moves the Court to strike as redundant and insufficient certain affirmative defenses raised by defendants in their Answer to the FTC's Complaint. The FTC brings this motion pursuant to Federal Rule of Civil Procedure 12(f) in an effort to streamline the case and maximize the efficient use of resources by the parties and the Court

going forward. Pursuant to Local Rule 7.1(b)(1)(A), plaintiff's counsel has conferred with defense counsel concerning this motion; however, such conferring has not resolved the matter.

The FTC's complaint alleges that defendants' unauthorized acquisition and sale of confidential consumer phone records to the general public is an unfair practice in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. Defendants previously filed a motion to dismiss for failure to state a claim and lack of jurisdiction, which, after briefing by the parties and oral argument, the Court denied on July 13, 2006. Despite losing the motion to dismiss, defendants have raised these issues again in the form of affirmative defenses in their Answer. (*See* affirmative defenses 1, 2, and 3, pleading failure to state a claim and "improper jurisdiction.") Because the Court already has considered and rejected these defenses, they are redundant and should be stricken. Defendants also raise affirmative defenses that are legally insufficient. Neither estoppel nor the doctrine of unclean hands (affirmative defenses 4 and 7) may be used against a government agency proceeding in the public interest – such as the FTC here – and therefore the Court should strike them.

## II. ARGUMENT

### A. Legal Standard for Striking Affirmative Defenses

Federal Rule of Civil Procedure 12(f) authorizes district courts, upon motion by a party, to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is "appropriately granted where the defense is clearly legally insufficient ..., as, for example, when there is clearly no bona fide issue of fact or law." *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982) (citing *Narragansett Tribe, Etc. v. So. R.I. Land Devel. Corp.*, 418 F. Supp. 798, 801 (D.R.I. 1976) and *Prudential Ins.*

*Co. of America v. Marine Nat. Exch. Bank*, 55 F.R.D. 436, 438 (E.D. Wis. 1972)). Similarly, an affirmative defense is not valid if it appears to a certainty that the plaintiff's allegations, if true, would establish the defendants' liability despite any set of facts that could be proved in support of the defense asserted. *EEOC v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980).

The purpose of Rule 12(f) is to "conserve time and resources by avoiding litigation of issues which will not affect the outcome of the case." *Echostar Satellite L.L.C. v. Persian Broadcasting Co., Inc.*, 2006 U.S. Dist. LEXIS 8955 at *5 (D. Colo., Feb. 22, 2006) (citing *United States v. Smuggler-Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)). Although courts are sometimes reluctant to eliminate affirmative defenses, courts nonetheless recognize that "if the defense asserted is invalid as a matter of law, such determination should be made now, in order to avoid the needless expenditures of time and money" involved in litigating fruitless matters. *Purex Corp. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970). *See also F.D.I.C. v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (removing inadequate affirmative defenses at an early stage of the proceedings reduces cost of litigation to the parties); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (motion to strike "well taken" when it "may have the effect of making the trial of the action less complicated" or "otherwise streamlining the ultimate resolution of the action").

### B. Defendants' Affirmative Defenses re Failure to State a Claim (Defenses 1 & 2) Should Be Stricken as Redundant

Defendants' first and second affirmative defenses – that Plaintiff has failed to state a claim against defendants AccuSearch and Patel – should be stricken as redundant. Defendants already presented this defense in their Motion to Dismiss, and the Court rejected it. In fact, the Court

*FTC's Motion to Strike Affirm. Defenses – Page 3*

specifically ruled that the FTC's complaint *does* state a claim for which relief may be granted. *See* Transcript of Telephonic Hearing and Oral Ruling on Defendants' Motion to Dismiss Complaint for Injunctive and Other Equitable Relief, July 13, 2006, at p. 23, lines 7-10 (hereinafter "Motion to Dismiss Transcript"). The defense is therefore redundant and should be stricken on that basis.

Moreover, as a defense in an answer, the Court in *Donovan v. Robbins*, 99 F.R.D. 593, 597 (N.D. Ill. 1983) noted: "[a] 'defense' or 'affirmative defense' that a complaint fails to state a claim is an anomaly. If defendants desired to raise the adequacy of the complaint, the appropriate procedure would have been a motion under Fed. R. Civ. P. 12(b)(6)." The *Donovan* court went on to strike such a defense as "surplusage and inappropriate." *Id.* Striking the defense in the present case – in which the defendants *already* pursued a 12(b)(6) motion, and lost – is all the more appropriate.[1] *See also Simpson v. Alaska State Comm'n for Human Rights*, 423 F. Supp. 552, 556 (D. Alaska 1976), *aff'd*, 608 F. 2d 1171 (9th Cir. 1979) (where a claim for relief has been stated, such an affirmative defense is invalid).

### C.  Defendants' Affirmative Defense of "Improper Jurisdiction" (Defense 3) Should Be Stricken as Redundant

Defendants' third affirmative defense – that Plaintiffs' claims are barred by "improper jurisdiction" – should also be stricken as redundant. The Court already has ruled that it has both subject matter and personal jurisdiction over Defendants in this case. *See* Motion to Dismiss Transcript at p. 21, lines 8-9 (where the Court stated: "Personal and subject matter jurisdiction seem

---

[1] *See also* FTC cases where courts have struck this defense in actions brought under Section 13(b) of the FTC Act, even without a previous denial of a motion to dismiss as in the present case, *e.g.*, *FTC v. North East Telecommunications*, 1997-2 Trade Cas. (CCH) 80,231, at 80,233, 1997 U.S. Dist. LEXIS 10531 (S.D. Fla., June 23, 1997); *FTC v. Image Sales & Consultants, Inc.*, 1997 U.S. Dist LEXIS 18942, at *4-5 (N.D. Ind., Sept. 17, 1997), *adopted* 1997 U.S. Dist. LEXIS 18902 at *2-3 (N.D. Ind., Nov. 17, 1997).

apparent to the Court.").[2] There is no need for the parties to spend further time and money to litigate about the jurisdictional basis of this action.

### D. Defendants' Affirmative Defenses of Equitable Estoppel and Unclean Hands (Defenses 4 & 7) Should Be Stricken as Insufficient

Defendants' equitable estoppel and unclean hands affirmative defenses (defenses 4 and 7) should be stricken as insufficient.[3] The law is well established that neither defense is available against the government in a case such as this, where a governmental agency brings suit to enforce a public right or to vindicate the public interest. *FTC v. American Microtel, Inc.*, 1992-1 Trade Cas. (CCH) 69,862, at 68,093, 1992 U.S. Dist. LEXIS 11046 at *3 (D. Nev., June 10, 1992) (striking equitable estoppel defense); *SEC v. Gulf & Western Indus., Inc.*, 502 F. Supp. 343, 348-349 (D.D.C. 1980) (striking both defenses as matter of law; noting that unclean hands defense is "clearly without merit"); *United States v. Phillip Morris, Inc.*, 300 F. Supp. 2d 61, 65-66 (D.D.C. 2004) ("case law overwhelmingly supports the government's position" that these defenses may not be asserted against government acting in sovereign capacity to protect public interest); *FTC v. Image Sales & Consultants, Inc.*, 1997 U.S. Dist LEXIS 18942, at *4 (N.D. Ind., Sept. 17, 1997), adopted 1997 U.S. Dist. LEXIS 18902, at *3-4 (N.D. Ind., Nov. 17, 1997) (unclean hands may not be invoked against government enforcing congressional mandate in public interest).[4]

---

[2] In addition, defendants admit in their Answer the facts establishing personal jurisdiction – namely, that defendants reside in and transact business in Wyoming. *See* Answer at ¶¶ 5, 6.

[3] Although pled as separate defenses, the "unclean hands" defense is simply a form of equitable estoppel. The doctrine means no more than one who has defrauded his adversary in the subject matter of the action will not be heard to assert a right in equity. *Black's Law Dictionary* 792 (abridged 5th edition 1983).

[4] The only potential exception to this rule is if the agency's misconduct is egregious and the resulting prejudice to the defendant rises to a constitutional level. *Image Sales & Consultants*, 1997 U.S. Dist LEXIS

Notably, the Tenth Circuit, in reviewing Supreme Court estoppel cases, has stated: "It is far from clear that the Supreme Court would ever allow an estoppel defense against the government under any set of circumstances." *FDIC v. Hulsey*, 22 F.3d 1472, 1490 (10th Cir. 1994); *see also Bischoff v. Glickman*, 54 F. Supp. 2d 1226, 1232 (D. Wyo. 1999) (same); *United States v. Wingfield*, 822 F.2d 1466, 1476 (10th Cir. 1987) (noting public policy counsels against allowing use of estoppel against government because interest of citizenry in obedience to rule of law is undermined). Indeed, "there are substantial policy considerations militating against inhibiting the enforcement of an important regulatory scheme based on some alleged 'unclean hands' of the agency charged with the enforcement." *Donovan*, 99 F.R.D. at 600 (internal citations omitted).

In the present case, the FTC is enforcing its congressional mandate to protect and vindicate the public interest. Taking plaintiff's allegations as true, defendants have not alleged and can prove no set of facts that could negate their liability through the principals of equitable estoppel or unclean hands. Moreover, allowing these defenses to stand will prejudice the FTC if defendants use the defenses to engage in a "fishing expedition" during discovery. As such, these defenses are insufficient as a matter of law and should be stricken.[5]

---

18942, at *7 (unclean hands); *FDIC v. Hulsey*, 22 F.3d 1472, 1490 (10th Cir. 1994) ("even assuming estoppel could be applicable, ... there must be a showing of affirmative misconduct on the part of the government.") Defendants here have alleged neither misconduct nor prejudice of any sort.

[5] Defendants' affirmative defenses should be stricken on the additional basis that they have not set forth in their Answer circumstances or conduct sufficient to give plaintiffs fair notice of the nature of the defenses as required by Fed. R. Civ. P. 8. This is particularly true of the unclean hands defense. Affirmative defenses must be pled with sufficient particularity to notify plaintiffs of what conduct is alleged to give rise to the defense. *Xilinx, Inc. v. Altera Corporation*, 1993 WL 767688 *2 (N.D. Cal. 1993) (unclean hands affirmative defense stricken because not pled sufficiently to give fair notice to plaintiff). An affirmative defense is insufficient on its face if – as here – it is nothing more than a bare conclusory allegation of law unsupported by any asserted facts. *Schecter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996).

### III. CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court strike from defendants' Answer the affirmative defenses regarding failure to state a claim, jurisdiction, equitable estoppel, and unclean hands (defenses 1, 2, 3, 4, and 7).

Dated this 24th day of August, 2006.

Respectfully submitted,
TRACY S. THORLEIFSON
KIAL S. YOUNG
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174
(206) 220-6350

MATTHEW H. MEAD
United States Attorney

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2124

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2006, a true and correct copy of the foregoing (1) MOTION TO STRIKE AFFIRMATIVE DEFENSES RE: FAILURE TO STATE A CLAIM, JURISDICTION, EQUITABLE ESTOPPEL AND UNCLEAN HANDS (DEFENSES 1, 2, 3, 4, AND 7), and (2) [PROPOSED] ORDER STRIKING AFFIRMATIVE DEFENSES REGARDING FAILURE TO STATE A CLAIM, JURISDICTION, EQUITABLE ESTOPPEL AND UNCLEAN HANDS (DEFENSES 1, 2, 3, 4, AND 7) was served by placing same in the U.S. Mail, postage prepaid, to the following addressees:

Gay Woodhouse
Deborah Roden
Gay Woodhouse Law Office, P.C.
211 West 19th Street, Third Floor
Cheyenne, WY 82001

Donald E. Miller
Graves, Miller & Kingston, P.C.
408 West 23rd Street
Cheyenne, WY 82001

*Melody Morse*
Office of the United States Attorney