FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 2 6 2006

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 06-CV-0105-D |
| ) | |
| ACCUSEARCH, INC., ) | |
| d/b/a Abika.com, and JAY PATEL, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On September 5, 2006, an initial pretrial conference was held in the above-entitled matter before the Honorable William C. Beaman, United States Magistrate Judge for the District of Wyoming. Counsel participating were Tracy S. Thorleifson, Seattle, Washington, and Carol A. Statkus, Cheyenne, Wyoming, for the plaintiff; and Deborah Lynn Roden, Cheyenne, Wyoming, for the defendants.

**Jurisdiction and Venue** —

Except as noted below, the Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for

the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

### Consent to Trial by Magistrate Judge —

The parties are all aware of the provisions of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming. However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

### Claims and Defenses —

Plaintiff Federal Trade Commission (FTC) brings this action pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Plaintiff seeks injunctive and other relief regarding defendants' alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Specifically, plaintiff alleges defendants have engaged in the practice of obtaining and providing, for a fee, details of incoming and outgoing telephone calls from any phone number in the world. Plaintiff claims defendants lack the necessary authorization to retrieve such information and have gained access to the information by engaging in fraudulent and illegal actions. Plaintiff claims defendants' unauthorized acquisition and sale of confidential consumer phone records is an unfair practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45. Plaintiff is seeking to permanently enjoin defendants from

violating the FTC Act, as well as seeking other equitable relief including recision of contracts, restitution, and disgorgement of ill-gotten gains.

Defendants, Accusearch, Inc. and Jay Patel, generally deny the allegations contained in the complaint and affirmatively allege that: 1) plaintiff's claims are barred by improper jurisdiction; 2) plaintiff's claims are barred by the First Amendment of the United States Constitution and the State of Wyoming; and 3) plaintiff's claims are barred by the doctrine of ultra vires, among other enumerated defenses.

### Complexity of the Case —

The Magistrate Judge is of the opinion that this is a non-complex case.

### Rule 26(f) Scheduling Conference —

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

### Self-Executing Routine Discovery —

The parties have complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1 (c).**

**Proposed Orders —**

Proposed orders shall be submitted with all non-dispositive motions filed in this matter. Not only shall proposed orders be submitted as an additional attachment to the motion, it shall be submitted by email to wyojudgewcb@wyd.uscourts.gov in a word processing format.

**Dispositive Motions — Hearing February 9, 2007**

**Deadline January 22, 2007; Responses February 5, 2007**

The deadline for the parties to file all dispositive motions together with briefs and affidavits in support thereof is January 22, 2007.

The parties shall file responsive briefs and affidavits on or before February 5, 2007.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable William F. Downes on February 9, 2007, at 8:30 a.m. in Casper, Wyoming. **The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1. Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflect the positions to be taken by the parties at the hearing. [U.S.D.C.L.R. 7.1(b)(2)(D)].** In the event all

dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

    **Plaintiff's Designation Deadline — November 20, 2006**

    **Defendants' Designation Deadline — January 8, 2007**

In accordance with U.S.D.C.L.R. 26.1(f), the plaintiff shall designate expert witnesses and provide the defendants with a complete summary of the testimony of each expert by November 20, 2006. **In a personal injury lawsuit, plaintiff's designation SHALL include the designation of all treating medical and mental health providers who may or will be called to testify at trial in part or in full as an expert witness.** In accordance with U.S.D.C.L.R. 26.1(f), defendants shall designate expert witnesses and provide the plaintiff with a complete summary of the testimony of each expert by January 8, 2007. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. See Smith v. Ford Motor Company, 626 F.2d 784 (10th Cir. 1980). The plaintiff may depose defendants' experts after the discovery cutoff date, but must complete the depositions ten (10) business days **PRIOR** to the final pretrial conference.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with

5

respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(f).

### Discovery Cutoff Date — January 22, 2007

The discovery cutoff date is January 22, 2007. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to five (5) business days prior to the trial date.

### Stipulations as to Facts — January 29, 2007

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b) by January 29, 2007.

### Final Pretrial — March 21, 2007

A final pretrial conference in this matter has been scheduled for 8:30 a.m. on March 21, 2007, in Casper, Wyoming, before the Honorable William F. Downes. ALL PARTIES **SHALL** SUBMIT THEIR PRETRIAL MEMORANDA NO LATER THAN FIVE (5) BUSINESS DAYS PRIOR TO THE CONFERENCE. U.S.D.C.L.R. 16.2(b). THE FINAL PRETRIAL MEMORANDUM SHALL BE SUBMITTED TO THE COURT **AND** ATTACHED

VIA EMAIL DIRECTLY TO JUDGE DOWNES' CHAMBERS, FORMATTED FOR WORDPERFECT FOR WINDOWS.

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than five (5) business days prior to the commencement of trial. U.S.D.C.L.R. 43.1.

The parties shall prepare and furnish to the Court and opposing counsel three (3) business days before the commencement of trial, a list of all previously authorized exhibits and a list of all previously identified witnesses, including experts. The plaintiff's list of exhibits shall be marked and listed numerically, and the defendants' list shall be marked and listed alphabetically. The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. (See U.S.D.C.L.R. 43.6 and 43.7).

**Non-Jury Trial — April 9, 2007**

A non-jury trial is set before the Honorable William F. Downes for 9:30 a.m. on April 9, 2007, in Casper/Cheyenne, Wyoming, and is expected to last three (3) days. This case is stacked number one (#1) on the docket. U.S.D.C.L.R. 40.1(a).

The parties shall submit their proposed Findings of Fact and Conclusions of Law to the Court at the commencement of the trial. U.S.D.C.L.R. 52.1.

**Settlement —**

The settlement possibilities of this case are considered by the Magistrate Judge to be fair to good.

Court-connected settlement conferences shall be conducted no later than thirty (30) days prior to trial.

Dated this 25th day of September, 2006.

William C. Beaman, U.S. Magistrate Judge