FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 0 5 2007

Stephan Harris, Clerk
Cheyenne

# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil No. 06-CV-105-D |
| ACCUSEARCH, INC. d/b/a Abikka.com, | ) | |
| and JAY PATEL, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES AND EXCLUDE EXPERT WITNESS TESTIMONY

The above-entitled matter, having come before the Court on defendants' Motion to Strike Plaintiff's Expert Witnesses and Exclude Expert Witness Testimony, and the Court having carefully considered the motion, and response thereto, and being fully advised in the premises, FINDS:

1. The case originally comes before the Court on plaintiff's action pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Plaintiff seeks injunctive and other relief regarding defendants' alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Specifically, plaintiff alleges defendants have engaged in the practice of obtaining and providing, for a fee, details of incoming and outgoing telephone calls from any phone number in the world. Plaintiff claims defendants lack the necessary authorization to retrieve such information, and have gained access to the information by engaging in fraudulent and illegal actions. Plaintiff claims defendants' unauthorized acquisition and sale of confidential consumer phone records is an unfair practice in

1

violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45. Plaintiff is seeking to permanently enjoin defendants from violating the FTC Act, as well as seeking other equitable relief including recision of contracts, restitution, and disgorgement of ill-gotten gains.

       2. In the instant motion, defendants request that the Court strike plaintiff's expert witness designations of Evan Hendricks and Cynthia Southworth. Defendants argue "Mr. Hendricks' proposed expert testimony should be excluded and his expert witness designation stricken because his proposed testimony does not require specialized knowledge, will not assist the trier of fact, evades the province of the fact-finder, is not based upon facts in the record, is not a product of reliable principles and methods, and because he is not qualified as an expert with relation to telephone records." (Defendants' Motion to Strike Plaintiff's Expert Witnesses and Exclude Expert Witness Testimony p. 4). Defendants argue Mr. Hendricks proposed testimony and opinions do not require and are not based on specialized knowledge and will not assist the trier of fact. Rather, defendants argue the trier of fact can employ common sense and their own experiences to determine how the average consumer may or may not be affected by dissemination of their phone records. Similarly, defendants argue "Ms. Southworth's proposed testimony should be excluded and her expert witness designation stricken because her proposed testimony is not of specialized knowledge, will not assist the trier of fact, evades the province of the jury, and is not based upon facts in the record." (Defendants' Motion to Strike Plaintiff's Expert Witnesses and Exclude Expert Witness Testimony p. 8).

2

3.  Plaintiff opposes defendants' Motion to Strike Expert Witnesses, and requests that said motion be denied. Plaintiff states that for over twenty-five years Mr. Hendricks has investigated, studied, written article and books, spoken in seminars, and testified before Congress and the courts as an expert on personal privacy and how its loss harms individuals. Plaintiff claims Mr. Hendricks knowledge is specialized in that it enables the trier of fact to understand the evidence by discussing and disclosing facts not necessarily obvious to the average consumer, and that his testimony will help the Court evaluate the harm or potential harm caused by the sale of confidential consumer phone records. Plaintiff also argues its witnesses should not be limited to defendants victims, as Section 5 unfairness claims call for the Court to look beyond past harm to one person and examine the harms that befall or are likely to befall on an entire class of consumers because of a practice. As to Ms. Southworth, plaintiff argues she is a nationally recognized expert on the use of technology, including telephone records, to locate, harass, and harm victims of domestic violence. Plaintiff claims Ms. Southworth has developed and presented training curriculum, has authored several relevant publications, worked as a consultant on relevant projects, and has been called to testify before Congress. Plaintiff argues Ms. Southworth's expertise offers the trier of fact a glimpse into the little known world of domestic abuse and technology, and goes beyond what an average consumer might reasonably be expected to know about the potential harm caused by the sale of confidential phone records.

4.  The Court begins by noting with respect to the instant motion plaintiff's expert opinions are subject to the same standards of reliability that govern the expert opinions of strictly

scientific experts retained for the purposes of litigation. *See, Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999)(holding that *Daubert* applies even when an expert's opinion relies on skill or experience-based observation). Under Federal Rules of Evidence Rule 702 and *Daubert*, the Court is to ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable. Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical or other *specialized* knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. (*emphasis supplied*)

Rule 702 imposes upon courts the obligation to act as gatekeepers, by ensuring all expert testimony whether scientific, technical, or any other specialized knowledge, is both reliable and relevant. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). Courts engage in a two part analysis in determining the admissibility of an expert opinion. First, the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, the court must determine whether the expert's opinions are sufficiently reliable. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001): FED. R. EVID. 702 ; *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

    5.    The Court finds both Mr. Hendricks and Ms. Southworth are qualified to testify as experts as to the harms caused or likely to be caused by the selling of a consumer's personal phone

records, any countervailing benefits, and the appropriate steps to avoid or mitigate potential harm. Mr. Hendricks is the publisher of *Privacy Times*, has investigated, studied, written articles and books, spoken in seminars, and testified before Congress and the courts as an expert on personal privacy. Ms. Southworth is a nationally recognized expert on the use of technology, including phone records, to locate, harass, and harm victims of domestic violence. Ms. Southworth has developed and presented, on numerous occasions, a national training curriculum on the use of technology by stalkers, victims and the community, she has authored several relevant publications, acted as a consultant, and been called to testify before Congress. Mr. Hendricks and Ms. Southworth are both experienced and well qualified to testify as expert witnesses in the current litigation.

6.     In addition, Rule 702 requires that the evidence or testimony presented "assist the trier of fact to understand the evidence or to determine a fact in issue,." FED. R. EVID. 702. Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Mr. Hendricks' and Ms. Southworth's education and experience may be beneficial to the trier of fact as a typical consumer may not posses the knowledge or background necessary to determine the potential for harm caused by the sale of confidential phone records. Mr. Hendricks has reviewed interrogatory responses and documents directly related to defendants' practices, including invoices and numerous emails between defendants and their vendors. Then, utilizing his expertise, Mr. Hendricks rendered his opinions on the harms caused by the selling of confidential consumer phone records without the consumer's knowledge or consent. Additionally, Ms. Southworth will provide the trier of fact an

insight into the domestic abuse problems associated with the sell of confidential phone records, reaching far beyond what the average consumer might be expected to know. As a result, the Court is of the opinion that Mr. Hendricks' and Ms. Southworth's testimony may be helpful to the trier of fact. Therefore, the Court will not strike either Mr. Hendricks or Ms. Southworth as expert witnesses in this case.

NOW, THEREFORE, IT IS ORDERED that defendants' Motion to Strike Plaintiff's Expert Witnesses and Exclude Expert Witness Testimony be, and the same hereby is, DENIED.

Dated this 7th day of February, 2007.

William C. Beaman, United States Magistrate Judge